Ms. Cathie Matthews, Director Department of Arkansas Heritage 1500 Tower Bldg. 323 Center St. Little Rock, AR 72201
Dear Ms. Matthews:
You have requested an Attorney General opinion concerning publicly owned lands.
You state that in an effort to comply with A.C.A. § 15-21-311 (which places limitations on the Arkansas Natural Heritage Commission's purchase of land in counties where 33% or more of the acreage is publicly owned land), you have attempted to determine the counties in which 33% or more of the acreage is publicly owned. You have unsuccessfully sought this information from the State Land Commissioner, the Assessment Coordination Department, the State Land Information Coordinator, and a number of professional contacts in the geographic information arena. As a means of obtaining this information, you have proposed to poll the county judges in the state.
You have asked:
 Is a poll of the county judges a legally acceptable method of complying with A.C.A. § 15-21-311?
RESPONSE
It is my opinion that there is not a sufficient legal basis for justifying reliance upon a poll of the county judges as a source for obtaining the information that you need. Rather, a more authoritative source of this information would be the county recorders.
A.C.A. § 15-20-311 states:
 (a)(1) In any county in this state in which thirty-three percent (33%) or more of the total acreage in the county is publicly owned land, the commission shall not purchase in excess of forty (40) acres per year.
 (2) Provided, the commission may purchase not to exceed forty (40) additional acres in any year in any such county if it first obtains approval of the Arkansas Legislative Council for such purchase.
 (b) The commission shall not under any circumstance purchase in excess of eighty (80) acres in any such county in any one (1) year unless specifically authorized to do so by legislation enacted by the General Assembly at a regular or special session thereof.
A.C.A. § 15-21-311.
The above-quoted statute does not state the manner in which the information pertaining to property ownership percentages is to be obtained or certified. In the absence of specific guidance on this issue, it is reasonable to rely upon county officials to provide the information, in light of the fact that records reflecting the ownership of real property in each county are, by law, maintained in each county seat. See A.C.A. §§ 14-15-401 through -420; A.C.A. § 13-4-305.
Although it is true that county judges are the legal custodians of all county property, A.C.A. § 14-14-1101, -1102, it is not reasonable, in my opinion, to infer from that responsibility a familiarity with the percentages of property ownership in the county, since much of that property is not county property. Even the publicly owned property in the county may not be county property; it may be state-owned or federally-owned. For this reason, the county judge would not be the custodian of this property and would not necessarily have familiarity with it.
It is more reasonable, in my view, to infer that the county recorder has knowledge of this information. The county recorder is charged with the responsibility of maintaining all county records reflecting property ownership. See A.C.A. § 14-15-401 through -420. The county recorder is therefore in a better position than is the county judge to know what percentage of property in the county is publicly owned. Thus, you may have a more legally justifiable basis for relying upon a poll of the county recorders, rather than of the county judges, as a source for obtaining information concerning property ownership in the counties.
I must note, however, that although the county recorders may voluntarily choose to respond to a poll such as you have described by compiling the information you seek, I note that they are not required by law to create a record that does not already exist. The Freedom of Information Act (A.C.A. § 25-19-101 et seq.) does not require public entities to create
records. Rather, the Act requires that they make their (already-existing) records public. It does not require them to provide information that is not in the form of a record. That is, the Act does not require public entities to answer questionnaires. Therefore, the poll that you have proposed may or may not produce the information that you need. However, you are entitled under the Freedom of Information Act to review the records that are maintained by each county reflecting the ownership of real property. Such a review, though admittedly tedious, would be a highly reliable source of information concerning the percentage of publicly owned property in each county.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh